UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Duron Johnson & Lakiesha Johnson,<br>Individually & as h/w<br>1419 Deveraux Ave.<br>Philadelphia, PA 19149<br><br>               Plaintiffs,<br><br>v.<br><br>Arrow Motors, Inc.<br>2225 Wakeling St.<br>Philadelphia, PA 19137<br><br>     And<br><br>Gaetano Pace<br>d/b/a Arrow Motors, Inc.<br>2225 Wakeling St.<br>Philadelphia, PA 19137<br><br>     And<br><br>Credit Acceptance Corporation<br>601 Abbot Rd.<br>East Lansing, MI 48823<br><br>     And<br><br>John Does 1-10<br><br>              Defendants. | NO.:<br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### I. Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

## II. Parties

3. Plaintiffs, Duron Johnson and Lakiesha Johnson, are married and adult individuals residing at the above-captioned address.

4. Defendant, Arrow Motors, Inc., is a corporation, duly organized under the laws of the Commonwealth of Pennsylvania, doing business at the above-captioned addresses.

5. Defendant, Gaetano Pace, is an individual doing business at the above captioned address who, at all times material herein, acted individually, as employee of, as owner of, and/or doing business as Defendant, Arrow Motors.

6. Defendant, Credit Acceptance Corporation, is a corporation, duly organized and existing under the laws of the State of Michigan, with a headquarters at the above captioned address.

7. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiffs hereunder.

## III. Operative Facts

8. On or about March 10, 2014, Plaintiff purchased a 2008 Chevrolet Suburban from Defendant, Arrow Motors. (Exh. A – Sales Contract).

9.   When Plaintiff purchased the vehicle, Defendants, John Does, represented that the car was in excellent condition. Defendants said the vehicle was "great," and had been driven approximately 8,000 miles.

10.   Defendants also said that as soon as Plaintiff purchased the vehicle, Defendants would repair the vehicle's tire censor, back doors, and back windshield wiper – for no additional cost.

11.   Plaintiff made a down payment to Arrow Motors of approximately $1,773.90.

12.   Upon information and belief, Plaintiff originally financed the vehicle purchase with Arrow Motors, who then assigned that financing to Defendants, Credit Acceptance Corporation. Pursuant to the express terms of the RISC, state common law of assignments, and statutory law, Credit Acceptance "stepped into the same shoes" as dealer Defendant and became derivatively, jointly, severally, and fully liable for all of the Dealer's misconduct.

13.   Defendant, Credit Acceptance has been collecting monthly payments from Plaintiff.

14.   The day after Plaintiff purchased the vehicle, he returned to Arrow Motors to have the vehicle repaired as promised and agreed.

15.   After 30 days, Defendants had not fixed the tire censor, the back doors were falling off the hinges, and the back windshield wiper did not work at all. Said Defendants told Plaintiff that the tire censor could never be fixed because it responds to changing weather.

16.   Around this time, Plaintiff was given the vehicle's CarFax report by another auto repair shop. The CarFax report indicated that the vehicle had been driven approximately 18,981 miles. Plaintiff also discovered additional pre-existing damage to the vehicle. (Exh. B).

17.   Plaintiff contacted both Arrow Motors and Credit Acceptance in order to get a refund or trade in the vehicle for similar value but Defendants refused. Credit Acceptance said Plaintiff signed a contract and could not stop making payments.

18. Had Plaintiffs known the vehicle had extensive pre-existing damage, had been driven more than 8,000 miles, and would not be repaired as agreed upon, he never would have bought the car. Plaintiff relied on Defendants' false assurance that the vehicle was in excellent condition and would be repaired.

19. A cursory inspection by anyone experienced in the automotive trade would have revealed the pre-existing damage. (Exh. B). Defendants are experienced in the automotive industry.

20. Upon information and belief, a pre-sale inspection of the vehicle was never done and/or the after-market modifications were concealed from Plaintiffs.

21. As a result of the aforesaid, Plaintiffs suffered significant financial harm and severe emotional distress.

### IV. Causes of Action

### COUNT I
### Magnusson-Moss

22. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

23. Plaintiffs are "consumer(s)" as defined by 15 U.S.C. §2301(3).

24. Defendants are "suppliers", "warrantors", and/or "service contractors" as defined by 15 U.S.C §2301(4), (5) and (8).

25. The subject vehicle is "consumer product" as defined by 15 U.S.C. §2301(1).

26. The Magnusson-Moss Warranty Improvement Act, 15 U.S.C. §2301, et seq. ("MMA"), requires Defendants to be bound by all warranties implied by State law. Said warranties are imposed on all transactions in the State in which the vehicles were delivered.

27. The warranty provided to Plaintiffs is covered under the MMA.

28. As a direct and proximate result of Defendants' failure to comply with express written warranties and their obligations under MMA, Plaintiffs suffered damages and are entitled to bring suit for such damages and other relief.

29. Defendants' aforesaid pattern of misconduct and deception constitutes a breach of the MMA.

30. Plaintiffs aver that upon successfully prevailing upon the MMA claim herein, all attorneys' fees are recoverable and demanded against Defendants.

31. The actions of Defendants, as aforementioned constitute violations of the MMA.

## COUNT II
## 49 U.S.C. §§32701 et seq. (Odometers)

32. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

33. The aforesaid actions and/or omissions of Defendants constitute a violation pursuant to 49 U.S.C. §32705 – by selling a vehicle with the intent to defraud:

   a. Without disclosing the cumulative mileage driven; and

   b. Falsifying the number of miles on a vehicle.

34. As a direct and proximate result of the conduct of the Defendants, Plaintiffs have sustained great financial harm.

35. The odometer tampering laws authorizes the Court, in its discretion, to award up to three (3) times ("treble") the actual damages sustained for violations, as well as requires attorney's fees be paid if Judgment is entered for Plaintiffs.

## COUNT III
## Unfair Trade Practices and Consumer Protection Law ("UTPCPL")

36. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

37. The UTPCPL proscribes, *inter alia*, engaging in any "unfair or deceptive acts and practices" either at, prior to, or subsequent to a consumer transaction.

38. The actions of Defendants constitute unfair or deceptive acts and practices under the UTPCPL.

## COUNT IV
## Motor Vehicle Sales Finance Act ("MVSFA")

39. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

40. At all times material, Defendants were in violation of the MVSFA, 61 P.S. §601, et seq., including the foregoing (incorporated by reference).

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, individually, jointly and/or severally, with treble, statutory, compensatory, actual, and punitive damages, together with interest, costs, and such other and further relief as this Honorable Court deems just, including attorneys fees and equitable relief in the form of rescission.

WEISBERG LAW

Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiffs